IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOAN HEFFINGTON,
        On behalf of Minor Son, G.M.,

                Plaintiffs,

Vs.                                              Case No. 07-4095-SAC


DERBY UNIFIED SCHOOL DISTRICT 260,

                Defendant.


MEMORANDUM AND ORDER

        This case comes before the court on defendant's motion to

dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff's complaint alleges

one claim under Section 504 of the Rehabilitation Act centering on

defendant's refusal to provide a para educator for her minor son, G.M., and

one state law claim for emotional distress flowing from defendant's conduct

surrounding that refusal. Defendant alleges that plaintiff has failed to

exhaust required administrative remedies, has violated the notice pleading

requirements of Fed. Rule 8, and has failed to state a claim for outrage.

**Facts**

Construed in the light most favorable to plaintiff, the complaint alleges the following facts. At age three, plaintiff's minor son, G.H., was diagnosed with Attention Deficit Hyperactivity Disorder. His school days were legally uneventful until fourth grade, when plaintiff was informed during a October 2003 conference with G.H.'s teacher that G.H. was having trouble with his grades. Soon thereafter, plaintiff requested that the teacher give G.H. "specific, one-on-one reminders" with regard to his school work, but was informed this could not be done unless G.H. was on an Individual Education Plan (IEP). Plaintiff declined to place G.H. on an IEP at that time because she feared he would be labeled.

Thereafter, plaintiff heard of a § 504 plan and requested that G.H. be placed on one.  She believes that testing began in October of 2003 for that purpose, but was never completed. No explanation of § 504 was give to plaintiff at that time.  Plaintiff submitted a written request that G.H. be evaluated for a § 504 plan soon after plaintiff learned in April of 2004 that requests for § 504 plans needed to be in writing. She visited with school administration and was provided, for the first time, a copy of § 504. In April or May of 2004, an administration official agreed that the school had

2

probably engaged in procedural violations by not informing plaintiff of her rights under § 504. He also told plaintiff that it took only about three days to get a student on a § 504 plan, and plaintiff believed that defendant had been intentionally delaying the process.[1]

In August of 2004, a meeting was held in which plaintiff was told by school administrators, teachers, and a school psychologist that G.H. was not eligible for a § 504 plan. Plaintiff claimed this refusal resulted in emotional distress and in December threatened defendant with litigation. Shortly thereafter, defendant agreed to place G.H. on a § 504 plan, and his G.H.'s fifth grade teachers attempted to give him the reminders plaintiff had requested. G.H. performed well in school through the end of May, 2005.

On December 6, 2005, during G.H.'s sixth grade year, plaintiff met with defendant's administration to discuss his § 504 plan. She requested in writing that "G.H. needed a paraprofessional to give G.H. specific reminders in his classes, in case his teachers failed to do this." Defendant refused to modify G.H.'s § 504 plan to include para assistance. Subsequently, one or more of G.H.'s sixth grade teachers remained

---

[1]Also in April of 2004, defendant was aware that G.H. may have Asperger's Syndrome.  G.H. was tested and later diagnosed with that condition.

3

unaware that G.H. needed specific reminders under his § 504 plan, and G.H.'s grades fell in some subjects.

In August of 2006, when G.H. began his seventh grade year, plaintiff met with his teachers and administrators to discuss his § 504 plan, and efforts were thereafter made, albeit unsuccessfully, to help G.H. achieve success in his classes without para assistance. That fall, plaintiff filed a complaint with the Office of Civil Rights ("OCR") and a grievance with defendant, both complaining of defendant's failure to modify G.H.'s § 504 plan to include para assistance. Defendant denied plaintiff's grievance appeal on November 9, 2006, and plaintiff told school administration the following week that she would not pursue her request any further due to stress and health reasons. She believed at the time that defendant was trying to give G.H. what he needed.

On December 1, 2006, plaintiff met again with administrators regarding G.H.'s § 504 plan.  Defendant asked plaintiff to sign a confirmation that she agreed with the § 504 plan, but she refused. The counselor threatened to take G.H. off his § 504 plan completely. Plaintiff alleges she suffered heart problems and experienced acute anxiety that afternoon as a result of that stressful meeting.

4

During his seventh grade year, G.H. received individual tutoring at school, before and after regular school hours.  Tutoring assisted him to pass his classes but added stress because of the logistics and transportation issues it posed. Plaintiff also experienced stress due in part to the passing of her husband, and to four surgeries in the five month period from October of 2006 to March of 2007.

Plaintiff's OCR complaint was denied on February 1, 2007. On May 22, 2007,near the end of G.H.'s seventh grade year, one teacher accused G.H. in front of his classmates of tearing down decorations in his classroom, and told plaintiff he would not allow G.H. to turn in his final paper that G.H. had forgotten to bring to class.  Plaintiff believes this was a discriminatory act because if G.H. had been given the appropriate accommodations he needed under § 504, the incident would not have occurred. The accusation was later found to be false and unwarranted, but the teacher refused to apologize.  Plaintiff deemed this incident to be outrageous verbal and mental abuse, and another example of non-compliance with federal law by defendant.

On May 23, 2007, plaintiff again threatened defendant with litigation and requested modification of G.H.'s § 504 plan so he could receive para assistance for the next school year. Defendant made no response. On

August 6, 2007, plaintiff called defendant to inquire whether G.H. could get the para assistance he needed. Plaintiff has continually tried to work with defendant to modify G.H.'s § 504 plan to give him para assistance in the classroom if his grades begin to drop, and defendant's refusal has caused plaintiff continued emotional distress.

Plaintiff's complaint alleges that defendant's refusal to provide G.H. with the para assistance he needed violates his guarantee of a free appropriate education, and § 504. Plaintiff additionally claims that defendant discriminated against G.H. because it denied G.H. the opportunity to participate in or benefit from para assistance, which is afforded students with disabilities and/or equal to that afforded others. Plaintiff believes that by denying G.H. a para, defendant failed to adequately distribute education dollars down to the classroom level for the benefit of G.H. and other children with special needs, thereby denying them a "free appropriate education" and violating § 504.

**Exhaustion**

Defendant first contends that plaintiff failed to exhaust her administrative remedies, as required, because she never requested a due process hearing relating to her son's educational issues. *See* 20 U.S.C. § 1451(f),(g).

Plaintiff does not dispute that exhaustion is generally required in
IDEA cases.  Plaintiff asserts that defendant did not have administrative
hearing procedures in place until approximately August of 2005.  Plaintiff
contends that she requested a hearing from defendant in late 2006, but
defendant ignored her request and failed to set up a hearing for her, and
that discovery will validate her assertion that she requested a hearing.

The Tenth Circuit has reaffirmed the importance of discovery when
factual disputes exist as to exhaustion of administrative remedies.

> "When a defendant moves to dismiss for lack of jurisdiction, either
> party should be allowed discovery on the factual issues raised by that
> motion." *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035
> (10th Cir.1975). Although a district court has discretion in the manner
> by which it resolves an issue of subject matter jurisdiction under Rule
> 12(b)(1), *see Holt*, 46 F.3d at 1003, a refusal to grant discovery
> constitutes an abuse of discretion if the denial results in prejudice to
> a litigant, *see First City, Texas-Houston, N.A. v. Rafidain Bank*, 150
> F.3d 172, 176-77 (2d Cir.1998); *Filus v. Lot Polish Airlines*, 907 F.2d
> 1328, 1332 (2d Cir.1990); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*,
> 724 F.2d 901, 903 (11th Cir.1984); *Canavan v. Beneficial Fin. Corp.*,
> 553 F.2d 860, 865 (3d Cir.1977). Prejudice is present where
> "pertinent facts bearing on the question of jurisdiction are
> controverted ... or where a more satisfactory showing of the facts is
> necessary." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d
> 406, 430 n. 24 (9th Cir.1977) (quotation and citation omitted).

*Sizova v. Nat. Institute of Standards & Technology,* 282 F.3d 1320, 1326

(10th Cir.2002).

This is such a case. Given the language and policy of the IDEA

generally requiring exhaustion in claims such as plaintiff's, see *Cudjoe v. Independent School Dist. No. 12,* 297 F.3d 1058, 1063 (10th Cir.2002), the court believes that further discovery on this issue is reasonably necessary and that any resolution at this point would be premature. Additionally, the facts regarding the nature of plaintiff's grievance and the meetings in November and December of 2006, are unclear but may be material to this issue. Defendant's motion to dismiss for lack or exhaustion shall thus be denied without prejudice, and defendant may renew it at an appropriate time after the conclusion of discovery on the issue of exhaustion.

**Notice**

Defendant additionally contends that plaintiff's claims should be dismissed for failure to give defendant fair notice of the nature of her claims and the grounds upon which they rest, pursuant to Fed.R.Civ.P. 8(a) and (e). Defendant complains that plaintiff's complaint is detailed to the point of excess, producing confusion about the nature of her claims, and requiring defendant to "wade through and dissect the "mass of verbiage" and unsupported claims" in order to respond thereto. Dk. 7, p. 14. Plaintiff counters that she did the best she could without an attorney to represent her.

As the United States Supreme Court has recently reminded the Tenth

8

Circuit, the notice pleading standard is a liberal one.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, ----, 127 S.Ct. 1955, 167 L.Ed.2d 929, ---- - ---- (2007) (slip op., at 7-8) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. (Citations omitted).

*Erickson v. Pardus* , __ U.S. __, 127 S.Ct. 2197, 220 (2007).

The Supreme Court additionally counseled that "A document filed pro se is "to be liberally construed," *Estelle*, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid*. (internal quotation marks omitted). *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). *Erickson v. Pardus, __ U.S. __,* 127 S.Ct. at 2200.

Defendant has demonstrated via its exhaustion discussion that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court has read plaintiff's complaint, and finds that although it is no model of clarity, it is sufficient to meet the

9

requirements of notice pleading. No more is required.

**Outrage**

Defendant lastly contends that plaintiff's state law claim of outrage

fails to state a claim on which relief can be granted. The court agrees.[2]

A court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is

appropriate "only if it is clear that no relief could be granted under any set

of facts that could be proved consistent with the allegations." *Hishon v.

King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to

test whether, as a matter of law, the plaintiff is entitled to legal relief even if

everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635,

638 (6th Cir.1993).

The court judges the sufficiency of the complaint accepting as true

the well-pleaded factual allegations and drawing all reasonable inferences

in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987).

The court construes the allegations in the light most favorable to the

plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*,

---

[2]This ruling assumes that the exercise of supplemental jurisdiction
over this state law claim is proper. *See* 28 U.S.C. § 1367(a).

935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526,  (1983) (footnote omitted). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988) (quoting *Sutliff, Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir.1984)). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir.1989).

A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997). The court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991).

11

Because plaintiff's claim of outrage is brought under Kansas law, the court looks to state law to determine what the elements of that claim are, and whether plaintiff has sufficiently alleged them.  To prove the tort of outrage under Kansas law, a litigant must show the following:

> (1) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe.

*Smith v. Welch*, 265 Kan. 868, 876, 967 P.2d 727 (1998). *See Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 267 Kan. 245, 257 (1999).

When deciding a dispositive motion such as this motion to dismiss, the court first focuses upon two factors:

> A court must first determine two threshold requirements for the tort of outrage: "(1) whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and (2) whether the emotional distress suffered by the plaintiff was of such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it. [Citation omitted.]" 267 Kan. at 257.

*Robison v. Board of County Com'rs of Rush County*, 2007 WL 518829, *8 -9  (Kan.App.2007).

The facts alleged in plaintiff's complaint, even if entirely true, fall short of establishing either of the requisite elements of this tort. Defendant's alleged conduct was at worst, calculated to deceive or ignore

12

plaintiff, but not "so outrageous in character" or "so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Fusaro v. First Family Mtg. Corp.,* 257 Kan. 794, 805 (1995). Additionally, although plaintiff may well have suffered emotional distress from defendant's refusal to modify her son's § 504 plan, it was not so severe that no reasonable person should be expected to endure it.  Accordingly, defendant's motion to dismiss plaintiff's claim of outrage pursuant to Fed. R.Civ. P. 12(b)(6) is granted.

IT IS THEREFORE ORDERED that defendant's motion is granted in part and denied without prejudice in part, in accordance with the terms of this memorandum.

Dated this 14th day of January, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

13