## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOAN E. HEFFINGTON, Individually,    )
and on Behalf of Minor Son, G.H.,    )
    )
    Plaintiffs,    )
    )
v.    )    Case No. 07-4095-SAC
    )
DERBY UNIFIED SCHOOL DISTRICT 260,    )
    )
    Defendant.    )

### ANSWER TO COMPLAINT

COMES NOW the Defendant, Derby Unified School District 260 (Derby USD 260), and, for its answer to the Complaint, admits, denies and asserts affirmative defenses as follows:

1. All allegations not specifically admitted are denied.

2. Paragraphs 1 through 10 in Plaintiffs' Complaint are all erroneously labeled as paragraph 0; however, Defendant will assume these paragraphs are correctly labeled in answering the Complaint.

3. Defendant admits the allegations in paragraphs 1, and 2.

4. Defendant admits that Defendant is a school district which may be served at 120 E. Washington, Derby, Kansas 67037, but denies each and every other allegation in paragraph 3.

5. Defendant admits paragraphs 4, 5, 6, and 7.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 8, and therefore denies the same. Additionally, Defendant states that paragraph 8 is irrelevant.

7.   Defendant admits that it is a school district comprised of teachers and administrators, but denies each and every other allegation in paragraph 9.

8.   Defendant admits paragraph 10.

9.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 11, and therefore denies the same.  Additionally, Defendant states that paragraph 11 is irrelevant.

10.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 12.

11.   Defendant admits that Plaintiff G.H. was diagnosed with Attention Deficit Disorder, but is without knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 13, and therefore denies the same.

12.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 14, and therefore denies the same.

13.   Defendant admits paragraph 15.

14.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 16, and therefore denies the same.

15.   Defendant admits that Plaintiff G.H. was placed on a Student Individual Improvement Plan, but is without information or

knowledge sufficient to form a belief as to the truth of each and every other allegation contained in paragraph 17, and therefore denies the same.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28, and therefore denies the same.

17.    Defendant admits that, in January 2004, Plaintiff G.H. was doing well and had improved, but is without knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 29, and therefore denies the same.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraphs 30, 31, 32, and 33, and therefore denies the same.

19.    Defendant admits that Plaintiff Joan Heffington submitted a letter requesting that Plaintiff G.H. be evaluated for a 504 plan on or about April 19, 2004, but denies each and every other allegation in paragraph 34.

20.    Defendant denies paragraph 35.

21.    Defendant admits that it provided Plaintiff Joan Heffington a document entitled "Derby USD 260, Written Consent, Section 504 Student and Parent Rights", attached to Plaintiffs' Complaint as Exhibit 1, on or about April 22, 2004, but is without knowledge or

3

information sufficient to form a belief as to the truth of each and every other allegation in paragraph 36.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraphs 37, 38, 39, 40, 41, 42, 43, 44, and 45, and therefore denies the same.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraphs 46 and 47, and therefore denies the same. Additionally, Defendant states that paragraphs 46 and 47 are irrelevant.

24.    Defendant admits that a 504 meeting was held on August 19, 2004 (not August 18, 2004, as stated in Plaintiffs' Complaint), and it was determined that Plaintiff G.H. did not qualify for a 504 plan, but denies each and every other allegation in paragraph 48.

25.    Defendant denies paragraphs 49 and 50.

26.    Defendant admits that Plaintiff Joan Heffington indicated she may file a lawsuit in this matter, but denies each and every other allegation in paragraph 51.

27.    Defendant admits that Plaintiff G.H. was placed on a 504 plan in January 2005, but is without knowledge or information sufficient to form a belief as to each and every other allegation in paragraph 52, and therefore denies the same.

4

28.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 53, and therefore denies the same.

29.   Defendant admits that Plaintiff G.H. entered the fifth grade in August 2005, but denies each and every other allegation in paragraph 54.

30.   Defendant admits that Plaintiff Joan Heffington met with Defendant to discuss Plaintiff G.H.'s 504 plan on December 6, 2005, but denies each and every other allegation in paragraph 55.

31.   Defendant admits that no changes were made to Plaintiff G.H.'s 504 plan at the meeting on December 6, 2005, but denies each and every other allegation in paragraph 56.

32.   Defendant denies paragraph 57.

33.   Defendant denies paragraphs 58 and 59.  Additionally, Defendant states that paragraphs 58 and 59 are irrelevant.

34.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60, 61, and 62, and therefore denies the same.

35.   Defendant admits paragraph 63.

36.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies the same.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies the same.  Additionally, Defendant states that paragraph 65 is irrelevant.

38.     Defendant admits that Plaintiff Joan Heffington sent emails and other correspondence to Defendant, and that Plaintiff Joan Heffington filed a complaint with the Office of Civil Rights, but denies each and every other allegation in paragraph 66.

39.     Defendant admits paragraph 67.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies the same.

41.     Defendant admits that it investigated Plaintiff Joan Heffington's grievance filed on October 15, 2006, and determined that Plaintiff G.H.'s 504 plan should not change, but denies each and every other allegation in paragraph 69.

42.     Defendant denies paragraph 70.

43.     Defendant denies paragraphs 71 and 72.  Additionally, Defendant states that paragraphs 71 and 72 are irrelevant.

44.     Defendant denies paragraph 73.

45.     Defendant admits that the complaint filed by Plaintiff Joan Heffington with the Office of Civil Rights was dismissed for lack of probable cause, but is without knowledge or information sufficient

to form a belief about the date it was dismissed, and therefore denies each and every other allegation in paragraph 74.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies the same.

47.    Defendant denies paragraph 76.

48.    Defendant denies paragraph 77.  Additionally, Defendant states that paragraph 77 is irrelevant.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 78 that Plaintiff G.H. told Plaintiff Joan Heffington that he hated school, and therefore denies the same, and Defendant denies each and every other allegation in paragraph 78.  Additionally, Defendant states that paragraph 78 is irrelevant.

50.    Defendant denies paragraphs 79, 80, 81, and 82.  Additionally, Defendant states that paragraphs 79, 80, 81, and 82 are irrelevant.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 83, 84, and 85, and therefore denies the same.

52.    Defendant denies paragraph 86 and 87.

53.    Defendant denies paragraph 88.  Additionally, Defendant states that paragraph 88 is irrelevant.

54.    Defendant denies paragraphs 89 and 90.

55.   Defendant denies paragraph 91.  Additionally, Defendant states that paragraph 91 is irrelevant.

56.   Defendant denies paragraph 92.

57.   Defendant denies paragraph E, labeled "Law and Analysis", after paragraph 92 and before paragraph 93.

58.   Defendant denies paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, and 106.

For its affirmative defenses to the Complaint, Defendant asserts the following:

59.   a.   Plaintiff Joan Heffington lacks standing to bring any claims in her name individually under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, because the claim for relief rests on the legal rights of Plaintiff G.H.

b.   This Court lacks subject matter jurisdiction because Plaintiff G.H. has failed to exhaust administrative remedies as required under 20 U.S.C.A. § 1415(l).

c.   Plaintiffs have failed to establish a prima facie case that Defendant has violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, because Plaintiffs have failed to show that Plaintiff G.H. was denied any benefits by Defendant by reason of Plaintiff G.H.'s disability.

d.    Plaintiffs have failed to establish a claim that they are entitled to compensatory damages under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

e.    Plaintiffs have failed to state a claim upon which relief can be granted under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

f.    Some or all of Plaintiffs' claims are barred by the statute of limitations, or by the doctrine of laches.

g.    Defendant reserves the right to raise additional affirmative defenses made known during discovery.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of the Complaint, that it be awarded its costs in the action, and for such other and further relief as the Court deems just.

Respectfully submitted,

FAIRCHILD & BUCK, P.A.

s/ Mark A. Buck
Mark A. Buck, KS #9914
Attorney for Defendant
832 Pennsylvania
P.O. Box 865
Lawrence, KS  66044-0865
Bus: (785) 838-8950
Fax: (785) 838-4990
E-mail: markbuck@fairchildandbuck.com

9

## CERFIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2008, I electronically filed the above pleading with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   Joan Heffington and all other counsel of record.

/s/ Mark A. Buck
Mark A. Buck #9914